UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA J. TIDWELL,
   Plaintiff,

vs.

PATRICK R. DONAHOE,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,
   Defendant.

Case No. 1:14-cv-553
Beckwith, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for adoption of the Initial Discovery Protocols for Employment Cases in lieu of the Rule 26 Disclosures in this case (Doc. 13), defendant's response in opposition (Doc. 17), and plaintiff's reply memorandum (Doc. 18). For the reasons that follow, the motion is granted.

The Initial Discovery Protocols for Employment Cases were developed under the auspices of the Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure and are designed to be implemented as a pilot project by individual judges throughout the United States District Courts. *See* http://www.fjc.gov/public/pdf.nsf/lookup/DiscEmpl.pdf/$file/DiscEmpl.pdf. The Protocols are intended to "encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery." *Id*. A nationwide committee of plaintiff and defense attorneys highly experienced in employment matters, led by U.S. District Judge John Koeltl of the Southern District of New York, developed the Protocols over the course of one year. The information and documents identified for exchange under the Protocols, unlike initial Fed. R. Civ. P. 26(a)(1) disclosures, are focused on the type of information most likely to be useful in narrowing the issues in employment discrimination cases alleging adverse action. *Id*. The initial

discovery exchange under the Protocols replaces the Rule 26(a) initial disclosure process, with the goals of focusing disputed issues, streamlining the discovery process, and minimizing opportunities for gamesmanship. *Id.* The undersigned magistrate judge, by Standing Order, has adopted the Initial Discovery Protocols for Employment Cases Alleging Adverse Action in cases where the parties have consented to the jurisdiction of the magistrate judge. *See* http://www.ohsd.uscourts.gov/FPLitkovitz.

Plaintiff seeks adoption of the Initial Discovery Protocols in this employment case, arguing the Initial Discovery Protocols will result in the production of more relevant information than the Rule 26 disclosures; eliminate time-consuming discovery requests, responses, objections and discovery motions that would delay this case substantially; and lead each side to make an early assessment of its case and to possibly reach an early settlement.

Defendant opposes adoption of the Protocols in this case, arguing that several of plaintiff's claims are exempted from the coverage of the Initial Discovery Protocols. These include plaintiff's claims of discriminatory harassment, hostile work environment, failure to provide reasonable accommodations, and violations of the Family Medical Leave Act. Defendant also asserts that plaintiff has not made a showing of good cause why the Discovery Protocols should be adopted.

The Standing Order governing the Initial Discovery Protocols provides in relevant part:

The Initial Discovery Protocols will apply to all employment cases pending in this court that challenge one or more actions alleged to be adverse, except:

i. Class actions;
ii. Cases in which the allegations involve <u>only</u> the following:

    1. Discrimination in hiring;
    2. Harassment/hostile work environment;
    3. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);

> 4. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
> 5. Violations of the Family Medical Leave Act (FMLA);
> 6. Violations of the Employee Retirement Income Security Act (ERISA).

*See* Standing Order for Certain Employment Case (http://www.ohsd.uscourts.gov/FPLitkovitz) (emphasis in the original).

In addition to the claims identified by defendant, *i.e.*, discriminatory harassment, hostile work environment, failure to provide reasonable accommodations, and violations of the Family Medical Leave Act, plaintiff also alleges claims of disability discrimination and retaliation – claims that are not exempted from the Initial Discovery Protocols. Because plaintiff's amended complaint asserts, *inter alia*, claims of disability discrimination and retaliation, plaintiff's case is not one "in which the allegations involve only" the specified exempted claims. Therefore, the Initial Discovery Protocols apply to the claims in this case.

In addition, the undersigned determines that good cause exists for the adoption of the Initial Discovery Protocols in this case. The Protocols, by their very nature, are designed to facilitate the discovery process and minimize the potential for discovery disputes, regardless of the particular case before the Court. In the experience of the undersigned magistrate judge, the Protocols address the precise discovery issues that often arise in employment discrimination lawsuits, and their adoption should streamline the discovery process in this case. Adoption of the Protocols will also assist the parties in framing the issues to be resolved and lead to more efficient and targeted discovery.

Accordingly, plaintiff's motion for the adoption of the Initial Discovery Protocols for Employment Cases in lieu of the Rule 26 Disclosures is **GRANTED**.

The parties are **ORDERED** to comply with the Standing Order issued this date with one

exception: the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period **within 30 days** of this Order (as opposed to 30 days following the defendant's submission of a responsive pleading or motion).

**IT IS SO ORDERED.**

Date: 11/4/2014

Karen L. Litkovitz
United States Magistrate Judge