UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA J. TIDWELL,

    Plaintiff

vs.

PATRICK R. DONAHUE,
POSTMASTER GENERAL,

    Defendant

Case No. 1:14-cv-553

Beckwith, J.
Litkovitz, M.J.

**INTERIM PROTECTIVE ORDER**

    This matter is before the Court following a telephone conference with the parties on June 3, 2015, on the issue of an interim protective order pending the entry of a final protective order. After hearing the arguments of the parties, the Court shall enter an interim protective order based on the Model Protective Order provided with the Initial Discovery Protocols for Employment Cases Alleging Adverse Action developed under the auspices of the Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure. *See* http://www.fjc.gov/public/pdf.nsf/lookup/DiscEmpl.pdf/$file/DiscEmpl.pdf. This interim protective order is intended to address the confidentiality concerns raised by the parties until a final protective order can be entered in this case.

    It is hereby ORDERED that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

    1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary

to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this interim protective order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

   a. the requesting party and counsel, including in-house counsel;

   b. employees of such counsel assigned to and necessary to assist in the litigation;

   c. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

e. the Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a. inform the person of the confidential nature of the information or documents; and

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

8. This interim protective order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**IT IS SO ORDERED.**

Date: 6/4/15

Karen L. Litkovitz, Magistrate Judge
United States District Court