UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA J. TIDWELL,                          Case No. 1:14-cv-553
         Plaintiff,                        Beckwith, J.
                                           Litkovitz, M.J.
    vs.

MEGAN BRENNAN,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,              **ORDER**
         Defendant.[1]

        This matter is before the Court on a discovery matter related to the Privacy Act, 5 U.S.C. §

552a, which was raised at an informal telephone discovery conference held on June 3, 2015.

(Doc. 42).   Following the conference, the Court issued an Interim Protective Order.   (Doc. 44).

The Interim Protective Order was to remain in place until the parties had an opportunity to submit

proposed protective orders and brief the impact of the Privacy Act, 5 U.S.C. § 552a, on the manner

and scope of discovery pursuant to a protective order.   (Doc. 43).   The parties have submitted

proposed protective orders and briefs on the Privacy Act issue.   (Docs. 46, 48, 49, 50).

**I.  The Privacy Act in the discovery context**

        The Privacy Act, 5 U.S.C. § 552a, provides in pertinent part as follows:

        No agency shall disclose any record which is contained in a system of records by
        any means of communication to any person, or to another agency, except pursuant
        to a written request by, or with the prior written consent of, the individual to whom
        the record pertains. . . .

5 U.S.C. § 552a(b).   The Act defines a "record" as "any item, collection, or grouping of

information about an individual that is maintained by an agency, including, but not limited to, his

education, financial transactions, medical history, and criminal or employment history and that

---

[1] Pursuant to notice by defendant that Megan Brennan replaced Patrick R. Donahue as Postmaster General following
Donahue's retirement on February 1, 2015, Postmaster General Brennan is automatically substituted for Donahue as
defendant in this action pursuant to Fed. R. Civ. P. 25(d).

contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual."

Section 552a(b) sets forth exceptions to the requirement of a written request or the individual's prior written consent, including if the "disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction[.]"  *Id.*, ¶ 11.  Consistent with the statutory language, the majority of federal courts to have addressed the (b)(11) exception have determined that the Privacy Act does not create a discovery privilege pursuant to which the party seeking discovery must demonstrate need before the Court is required to order disclosure; instead, the relevancy standard of Fed. R. Civ. P. 26(b) governs the scope of discovery of materials protected under the Act.  *Stiward v. United States*, No. CIV.A. 05-1926, 2007 WL 2417382, at *1 (E.D. La. Aug. 24, 2007) (citing *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987) (disclosure is permitted under the Privacy Act as part of the normal discovery process, in accordance with the usual discovery standards, consistent with the relevance standard of Fed. R. Civ. P. 26(b)(1)); *Rogers v. England*, No. 00-2452, 2007 WL 809793, at *3 n. 6 (D.D.C. Mar. 15, 2007) ("[T]he Privacy Act is not a bar to a party obtaining discovery materials 'through the normal discovery process and according to usual discovery standards.'"); *Hassan v. United States*, No. C05-1066C, 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006); *Ezell v. Potter*, No. 2:01-cv-637, 2006 WL 1094558, at *2 (N.D. Ind. Mar. 16, 2006); *Broderick v. Shad*, 117 F.R.D. 306, 312 (D.D.C. 1987)).  *See also Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980); *Ala. & Gulf Coast Ry. v. United States*, No. CA 10-0352, 2011 WL 1838882, at *3 (S.D. Ala. May 13, 2011); *Forrest v. United States*, No. 95-3889, 1996 WL 171539, at *2 (E.D. Pa. Apr. 11, 1996); *Bosaw v. Nat'l Treasury Employees' Union*, 887 F. Supp. 1199, 1216 (S.D. Ind. 1995).[2]

---

[2] Defendant has not brought to the Court's attention any contrary cases finding a discovery privilege exists as to Privacy Act protected documents.

Although the relevancy standard of Rule 26(b)(1) governs the scope of discovery of materials protected under the Privacy Act, the Act is not irrelevant to the manner of discovery when a party seeks documents subject to the Act. *Laxalt*, 809 F.2d at 889. *See also SEC v. Gowrish*, No. C 09-05883, 2010 WL 1929498, at *3 (N.D. Cal. May 12, 2010). As the Court in *Laxalt* explained:

> Although discovery standards under the [Federal Rules of Civil Procedure] permit access to relevant documents protected by the Act, those same standards give the District Court ample discretion to fashion appropriate protective orders upon a showing of "good cause." Fed. R. Civ. P. 26(c). Where the records sought are subject to the Privacy Act, the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context.

*Laxalt*, 809 F.2d at 889. The Court stated that the District Court is required to consider the use of protective orders and the possibility of *in camera* inspection when a party requests a Privacy Act protective order in the discovery context. *Id*. *See also Nguyen v. Winter*, 756 F. Supp.2d 128, 129 (D.D.C. 2010) ("[p]ersonnel files cannot be produced without a Privacy Act protective order"); *SEC v. Gowrish*, No. C 09-05883, 2010 WL 1929498, at *3 (N.D. Cal. May 12, 2010) (although discovery standards grant access to relevant documents protected by the Privacy Act, the discovery rules grant the District Court "ample discretion to fashion appropriate protective orders upon a showing of 'good cause'"); *Hernandez v. U.S.*, No. CIV. A. 97-3367, 1998 WL 230200, at *2-3 (E.D. La. May 6, 1998) (granting motion to compel agency to produce individual's personnel file but accommodating "legitimate privacy and confidentiality concerns" with protective order); *Mary Imogene Bassett Hosp. v. Sullivan*, 136 F.R.D. 42, 49 (N.D. N.Y. 1991) (finding test for discoverability of documents is relevance standard of Rule 26(b)(1) but that an appropriate protective order should be issued to protect the privacy of the individuals involved).

## II. The parties' Proposed Protective Orders

Defendant seeks a protective order to govern the disclosure of documents that are purportedly subject to the Privacy Act, as well as other allegedly confidential materials. (Doc. 46). Plaintiff does not object to entry of a protective order but argues defendant's Proposed Protective Order is deficient and is not supported by the authority on which defendant relies. (Doc. 50).

Fed. R. Civ. P. 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The entry of a protective order rests with the sound discretion of the Court. *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996). Nevertheless, the Court's discretion to issue protective orders is "limited by the careful dictates of [Rule] 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Id.* (citing *Brown & Williamson Tobacco Corp. v. Fed. Trad Comm'n.,* 710 F.2d 1165, 1177 (6th Cir. 1983)). The party moving for a protective order must detail the alleged harm it is likely to suffer absent the requested protection with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Nemir v. Mitsubishi Motors, Corp.,* 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981) ("To establish 'good cause' for a protective order under [Fed. R. Civ. P.] 26(c), '[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. . . .") (citations omitted)).

The Court finds that the Proposed Protective Order submitted by defendant in this case is deficient in several material respects. First, the Proposed Protective Order does not identify with

4

the requisite degree of specificity the documents subject to its terms. (Doc. 46, Exh. 1). The

Proposed Protective Order defines "Confidential Information" in a broad and conclusory manner

as follows:

> For purposes of this Order, "Confidential Information" shall mean any information
> or documents that are subject to protection under the Privacy Act, 5 U.S.C. § 552a,
> documents in FECA files maintained by DOL/OWCP in the government-wide
> System of Records entitled DOL/GOVT-1 which Defendant maintains are protected
> from disclosure by the Privacy Act, and/or any information that a party maintains is
> confidential and the unprotected disclosure of which may impede or harm the
> interests of that party or the individual(s) whose information is at issue. This is not
> limited to Privacy Act protected materials or information related only to Plaintiff.

(*Id*. at 2, ¶ 1). It is not possible to discern from these loosely defined terms what specific types of

information defendant seeks to protect as "Confidential."

Second, the Proposed Protective Order does not include any type of standard by which a

party is bound when designating documents as "Confidential." Defendant represents in her

response brief that she "does not intend to mark any document confidential without having a 'good

faith basis' for doing so." (Doc. 49 at 3) (emphasis in the original). Notwithstanding her

representation, defendant has failed to incorporate into the Proposed Protective Order a "good

faith" standard or any other specific basis for determining whether documents are properly

designated as "Confidential." The Proposed Protective Order simply vests discretion in a party to

determine whether a document is "subject to protection under the Privacy Act"; to designate as

"Confidential" information a party "*maintains* is confidential"; and to designate information as

"Confidential" if a party *maintains* that disclosing the information without protection "*may* impede

or harm the interests of that party or the individual(s) whose information is at issue." (Doc. 46,

Exh. 1 at 2, ¶ 1) (emphasis added). A more exacting standard is necessary to insure that only

"legitimate privacy and confidentiality concerns" are protected. *See Hernandez*, No. CIV. A.

5

97-3367, 1998 WL 230200, at *2-3.

Third, the Proposed Protective Order does not provide for the redaction of personal identifying information from documents otherwise subject to disclosure. The parties apparently agree that personal identifying information such as date of birth, social security number, and driver's license number, should be redacted from documents produced during discovery. (*See* Doc. 49 at 3; Doc. 47-3, ¶ 2, Plaintiff's Proposed Protective Order). Defendant states in her response brief that "if there is confidential information in a document and contains [sic] personal identifiers, Defendant intends to mark it confidential and make the appropriate redactions." (Doc. 49 at 3). Defendant has nonetheless failed to incorporate such a provision into the Proposed Protective Order she has submitted. Further, defendant has not shown good cause for designating *entire documents* as "Confidential" on the sole ground the documents include personal identifying information. Documents containing personal identifying information may fit the definition of "record" under 5 U.S.C. § 552a(a)(4) (defining a "record" as "any item, collection, or grouping of information about an individual that is maintained by an agency . . . that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual). However, such documents are discoverable pursuant to Fed. R. Civ. P. 26(b), and a protective order that maintains the confidentiality of these documents is not warranted absent a showing of "good cause" for the reasons discussed above. If a party does not show "good cause" for designating a record containing personal identifiers as "Confidential," redaction of the personal identifying information can serve to maintain confidentiality of such information.

**III. Resolution**

The parties agree on the propriety of a Final Protective Order in this case. However, they

disagree as to the scope and terms of the Order. Having considered the parties' arguments, the

Proposed Protective Orders submitted by the parties, and the relevant statutory and case law, the

Court finds there is good cause to enter a Final Protective Order for the purpose of maintaining the

confidentiality of certain records and personal information that are either subject to the Privacy Act

or are otherwise entitled to protection. To that end, the parties are hereby **ORDERED** to engage

in the following process to identify for the Court the specific documents, portions of documents,

and categories of documents to be designated as "Confidential" under the terms of the Final

Protective Order:

> 1. Defendant shall submit to plaintiff, within **fourteen (14) days** of the date of this Order, a list of specific documents, portions of documents, and categories of documents that defendant intends to designate as "Confidential" in the Final Protective Order to be entered by the Court.

> 2. The parties shall attempt to resolve among themselves any disputes as whether a specific document, portion of a document, or category of documents is properly designated as "Confidential."

> 3. The parties shall submit to the Court, within **twenty-one (21) days** of the date of this Order, a joint report setting forth: (1) any issues concerning the designation of confidential materials that the parties were unable to resolve through their own discussions; and (2) a list of those specific documents, portions of documents, and categories of documents that the parties agree should be included in the Final Protective Order to be entered by the Court following the parties' submission.

**IT IS SO ORDERED.**

Date: 7/6/15

Karen L. Litkovitz
United States Magistrate Judge