UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA J. TIDWELL,
    Plaintiff

vs.

PATRICK R. DONAHUE,
POSTMASTER GENERAL,
    Defendant

Case No. 1:14-cv-553
Beckwith, J.
Litkovitz, M.J.

**FINAL PROTECTIVE ORDER**

The Court hereby enters a Final Protective Order which supersedes the Interim Protective Order.

It is hereby **ORDERED** that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

## I. IDENTIFICATION OF CONFIDENTIAL INFORMATION

### A. CONFIDENTIAL DOCUMENTS ALREADY PRODUCED

1. Plaintiff's medical records. The term "medical records" encompasses any written, printed, typed, recorded or graphic materials, however produced or reproduced, including materials which are created or retained by electronic means, which relate to medical treatment, medical condition, medical diagnosis and any other private medical information of an individual.

2. Plaintiff's Official Personnel File (TIDWELL882-1067).

3. Documents referencing derogatory information regarding employees other than Plaintiff.

4. Documents and portions of documents agreed upon to be included in confidentiality designations are TIDWELL1112-1220, 1226-1270, 1272-1276, 1316, 1325-1340, 1407-1428,

1430-1431, 1437, 1451-1452, 1454, 1627-1630, 1700-1703, 1705-1719, 1987, 1990, 1992, 2001-2006, 2018, 2021-2041, 2043 (last paragraph), 2047, 2049, 2051-2070 and DT 219-220, 402-434, 793-795. Other documents may be marked confidential if covered by the confidentiality designations in this Order.[1]

### B. CONFIDENTIAL DOCUMENTS NOT YET PRODUCED

5. All records relating to complaints of disability discrimination, retaliation, race discrimination, harassment or favoritism made against Mr. Tottress during the seven year period ending December 2013, including records of disciplinary actions taken against Mr. Tottress, demotions of Mr. Tottress, and transfers of Mr. Tottress. The following responsive documents have been produced: Complaints (complaint summaries against Mr. Tottress) TIDWELL002281-2379; Tottress Discipline TIDWELL002429-2438, 2439-2452; Climate Assessments TIDWELL002380-2427; Tottress Work History TIDWELL002493-2501.

6. All documents related to the investigation conducted by Cincinnati District Labor Specialist Yolanda Buskey into harassment of Defendant's employees, including Plaintiff, by Rachel Nicholson and Mr. Tottress. The following responsive documents have been produced: TIDWELL002453-2488.

7. All communications relating to Plaintiff authored or generated by EAP representative Emily Rivers.

8. David Gwinner's written resignation alleging that he was forced to resign due to stress caused by Webster Tottress. The following responsive document has been produced: TIDWELL002489-2492.

---

[1] Documents Defendant produced in March 2015 in redacted format will not be marked confidential because the asserted confidential information in the document has been redacted.

9. Safety reports for fiscal years 2011 through 2014: Defendant will voluntarily produce the "OSHA 300 logs" for this time period, which provide short summaries of all of the injuries reported at the Cincinnati NDC between 2011-2014.

### C. PROCEDURE FOR DESIGNATING DOCUMENTS AND PORTIONS OF DOCUMENTS AS CONFIDENTIAL

1. Records already produced which fall under the terms of this Final Protective Order shall be replaced with "CONFIDENTIAL" designations within 30 days of receipt of the Final Protective Order, retaining the same Bates numbers as the original production. Each page of a document subject to this Final Protective Order must be stamped CONFIDENTIAL in order to fall within the Final Protective Order. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

2. Documents containing both non-confidential and confidential information shall be replicated in two copies containing the same Bates numbers as the original document:

   (1) a non-confidential copy with the confidential information redacted, which may be filed with the Court without being sealed; and (2) a confidential copy of the entire document, which, if filed with the Court, must be filed under seal if approved by the Court.

3. Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be so designated. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order. The party desiring to designate information as CONFIDENTIAL shall instruct the court reporter either (1)

by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty (30) business days after the receipt of the deposition transcript that specific portions of the deposition or documents that are made exhibits to the deposition shall be maintained under separate cover, with each page thereof clearly marked as CONFIDENTIAL, and copies of such materials shall be given only to counsel of record. Deposition transcripts or deposition exhibits that contain CONFIDENTIAL material shall be submitted to the Court pursuant to this Order as set forth in Paragraph 8 below. Only those persons afforded access under Paragraph 5(a) below may be present during the portion of any deposition questions relating to CONFIDENTIAL material.

    4. Documents obtained from non-parties by subpoena. All documents obtained through subpoena to a non-party shall be deemed CONFIDENTIAL for thirty (30) business days after service of copies thereof on other parties. The other parties must designate the documents they wish to remain CONFIDENTIAL within this thirty (30) business day period.

    5. Documents designated as CONFIDENTIAL shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in Paragraph (a) below for any purpose whatsoever other than to prepare for and to conduct discovery, trial and appeal in this action.

        (a). Limited Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in Subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review said documents:

            (1) Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

            (2) Parties, employees of a party, including in-house counsel, and outside copying services, but only after such persons have

completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound, and provided the certification to the parties;

(3) Court reporters and recorders engaged for depositions, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound, and provided the certification to the parties;

(4) Consultants and Experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound, and provided the certification to the parties; and

(5) Others by Consent/Order. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound, and shall provide the certification to the parties.

(b). Counsel shall instruct all such persons receiving CONFIDENTIAL documents to maintain the confidentiality of information protected by this Order, shall furnish them a copy of this Order, and are responsible for ensuring their compliance with this Order.

(c). Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d). Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any

individual portion of such a document, shall be affixed with the same designation if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents, provided that these indices, electronic databases or lists do not contain substantial portions or images of the text of CONFIDENTIAL documents or otherwise disclose the substance of the CONFIDENTIAL information contained in those documents.

6. Inadvertent Production. Inadvertent production of any document or information without a designation of CONFIDENTIAL shall be subject to correction at any time by the party inadvertently producing said document.

7. Any party may object to a CONFIDENTIAL designation on the ground that it does not meet the definition set forth in Paragraphs I.A. and B. by giving written notice to all other parties within sixty (60) days of receipt of said document(s). The parties must then confer within fifteen (15) business days in an effort to resolve their differences. If the parties are unable to resolve their differences, they shall so state in writing. The party making the CONFIDENTIAL designation must then request a conference with the Magistrate Judge within ten (10) days thereafter. The burden of going forward to obtain a protective order shall remain on the party seeking a CONFIDENTIAL designation. The disputed material shall remain confidential and subject to the terms of this Order until the Court rules otherwise.

8. This Protective Order does not authorize filing CONFIDENTIAL materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See*

*Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

 (a). Where the Court authorizes filing a CONFIDENTIAL document under seal, the document shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

 (b). To the extent that it is necessary for a party to discuss the contents of any CONFIDENTIAL information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

9. Obligations on Conclusion of Litigation.

 (a). Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

 (b). Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order,

including copies as defined in Paragraph 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the parties agree to destruction in lieu of return.

(c). Return of Documents Filed under Seal.   After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

10.  Plaintiff has agreed to sign Exhibit B, the attached Authorization and Waiver relating to the permanent protective order.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.   This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**IT IS SO ORDERED.**

Date: 8/27/15

Karen L. Litkovitz, Magistrate Judge
United States District Court

**EXHBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DONNA J. TIDWELL,<br>    Plaintiff<br><br>vs.<br><br>PATRICK R. DONAHUE,<br>POSTMASTER GENERAL,<br>    Defendant. | Case No. 1:14-cv-553<br>Beckwith, J.<br>Litkovitz, M.J. |

**AGREEMENT TO BE BOUND BY FINAL PROTECTIVE ORDER**

    I, _____, hereby acknowledge that I received a copy of the Final Protective Order in this action. I read and understood the Final Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Final Protective Order.

    I further acknowledge and understand that a violation of the Final Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Final Protective Order.

Dated: _____        _____

## EXHBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DONNA J. TIDWELL,<br>Plaintiff | Case No. 1:14-cv-553<br>Beckwith, J.<br>Litkovitz, M.J. |
| vs. | |
| PATRICK R. DONAHUE,<br>POSTMASTER GENERAL,<br>Defendant. | |

## AUTHORIZATION AND WAIVER

I, Donna Tidwell, beginning on June 4, 2015, the effective date of the Interim Protective Order, authorize the United States Postal Service ("USPS") and the U.S. Department of Labor's Office of Workers' Compensation Programs ("DOL-OWCP") to disclose to the following individuals and/or entities any Privacy Act information or documents produced in discovery to Plaintiff and not marked as Confidential, including Federal Employees' Compensation Act ("FECA") records from the DOL-OWCP, concerning my employment with the USPS which are related to my Complaint and any Amended Complaint in this case: Donna J. Tidwell v. Megan Brennan, Post Master General, United States Postal Service, Civil Case No. 1:14-cv-553, in the Southern District of Ohio, including all appeals:

1. United States Postal Service Law Department employees and other USPS employees with a work related need to know regarding any litigation stemming from my Complaint and any Amended Complaint in this case;

2. Any federal court with jurisdiction over any claim or appeal arising from my Complaint and any Amended Complaint in this case;

3. The United States Department of Justice employees, to the extent that they are involved in the defense of the USPS in this case, including all appeals.

I hereby agree that by authorizing such disclosure, I waive my rights to pursue any and all claims or litigation against the USPS, its agents and employees for the disclosures described in the first paragraph on page 1 that are made on or after June 4, 2015, the effective date of the Interim Protective Order. I do not waive any rights relating to disclosures made by the USPS, its agents and employees for disclosures made before June 4, 2015, the effective date of the Interim Protective Order. I specifically do not authorize disclosure of my medical records, the contents of my Official Personnel File, or any other documents marked "Confidential," except pursuant to the terms of the Court's Final Protective Order entered in this case.

This authorization is effective as of June 4, 2015, the date of the Interim Protective Order, and is effective through the conclusion of the above-referenced litigation and any subsequent appeals or until specifically revoked by me in writing. (USPS employees with a work related reason to know are permitted by 20 C.F.R. §§ 10.10 and 10.11 to maintain a duplicate copy of the original records maintained by DOL-OWCP. To the extent that USPS is authorized by this document to disclose information, such disclosure is from these duplicate copies.) After dismissal or entry of final judgment not subject to further appeal, all documents disclosed pursuant to this Authorization and Waiver shall be treated in the same manner as the documents marked Confidential pursuant to the Court's Final Protective Order.

A copy of this authorization shall have the same force and effect as the signed original.

_____  Date: _____
Donna Tidwell, Plaintiff